IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| PETER BLACKSHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:13-CV-33 |
| ) | |
| MSC INDUSTRIAL DIRECT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The complaint in this civil action was filed on January 30, 2013, by the plaintiff acting *pro se* (hereinafter sometimes "*Blackshaw* Two") [doc. 2]. The court granted plaintiff's motion to proceed *in forma pauperis*, permitting the complaint to be filed without prepayment of fees [doc. 3]. However, in that order, the court also stated that service would not issue without further order of the court. At this point in time, the defendant has not been served. Plaintiff alleges in the complaint that he has been to the Equal Employment Opportunity Commission ("EEOC") with his claim of discrimination and was told to file suit in federal court if he wished to pursue the matter further.

This lawsuit, however, is based upon the same cause of action against the same defendant that plaintiff filed in the General Sessions Court of Unicoi County, Tennessee and which was removed to this court on April 18, 2012, *Blackshaw v. MSC Industrial Direct*

*Co.*, civil action number 2:12-CV-167 (hereinafter "*Blackshaw* One").[1] In *Blackshaw* One, defendant filed a motion to dismiss or stay the case pending plaintiff's exhaustion of administrative remedies, because plaintiff filed his complaint without first completing the EEOC administrative process. The court stayed the case allowing plaintiff to pursue to completion his charge with the EEOC and also set status report deadlines for the parties. The most recent status report deadline was March 11, 2013, and each party filed a written report pursuant to that deadline.

Plaintiff's status report reflects that the EEOC denied his claim in late December 2012 and told him he needed to pursue the matter in federal court. Plaintiff attached to the status report a copy of the new complaint he filed in *Blackshaw* Two, along with a copy of the order granting him *in forma pauperis* status in that case. Defendant's report indicates that through independent research, not service of summons and complaint, it had discovered that plaintiff had filed a second lawsuit naming the defendant. Clearly, plaintiff is pursuing two separate lawsuits based upon the same claim for discrimination. Since service of process has not been ordered in this case, *Blackshaw* Two, the court finds it appropriate to dismiss this civil action and have plaintiff pursue his claims in the original lawsuit he filed for that purpose, *Blackshaw* One, no. 2:12-CV-167.

---

[1] This civil action was originally assigned to United States District Judge J. Ronnie Greer. Because of the similarity to case number 2:12-CV-167, this case was reassigned to the undersigned on March 15, 2013 [doc. 4].

Accordingly, for the reasons stated herein, it is **ORDERED** that this civil action is **DISMISSED**. Plaintiff shall prosecute his claims against defendant, MSC Industrial Direct, in the first lawsuit he filed against that defendant in this court, *Blackshaw One*, no. 2:12-CV-167.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge

3